In the United States District Court
Northern District of Texas
Dallas Division

| | | |
|---|---|---|
| Eleanor Armstrong-Head, individually and on behalf of others similarly situated | § § § § | |
| *Plaintiff*, | § § | |
| v. | § § | Civil Action No. 3:17-cv-207 |
| ProActive Partners Inc., Maxine Vigil Russell, and Lawrence Edward Russell | § § § § | |
| *Defendants*. | § | |

## Plaintiff's Original Complaint

Plaintiff Eleanor Armstrong-Head, individually and on behalf of others similarly situated, brings this action against Defendants ProActive Partners Inc., Maxine Vigil Russell, and Lawrence Edward Russell as follows:

## Introduction

1. This is a collective action under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. § 201 *et seq*. Plaintiff and other employees similarly situated worked for Defendants as Nurse Case Managers or in similarly titled positions, providing field and telephonic case management for work-related injuries. Plaintiff and other employees similarly situated regularly worked more than 40 hours per workweek, but were not paid for all hours

worked as required by the FLSA, including overtime pay for hours worked in excess of 40 hours per workweek.

## Parties

2. Plaintiff Eleanor Armstrong-Head is an individual who is a citizen of the State of Texas and who resides in Collin County, Texas. Plaintiff's written consent to be a party-plaintiff in this action is attached hereto as <u>Exhibit A</u>.

3. Defendant ProActive Partners Inc. ("ProActive") is a corporation that is incorporated under the laws of the State of Texas. ProActive has its principal place of business in the State of Texas at 13901 Midway Road, Ste. 102-282, Dallas, Dallas County, Texas 75244. ProActive may be served with process by serving its registered agent, Maxine E. Vigil a/k/a Maxine Vigil Russell, at 1714 Green Oaks Dr., Irving, Dallas County, Texas 75061, or at her usual place of business at 3618 Vineyard Way, Farmers Branch, Dallas County, Texas 75234, or wherever she may be found.

4. Defendant Maxine Vigil Russell is an individual who is a citizen of the State of Texas. She may be served with process at her usual place of business, 3618 Vineyard Way, Farmers Branch, Dallas County, Texas 75234, or wherever she may be found.

5. Defendant Lawrence Edward Russell is an individual who is a citizen of the State of Texas. He may be served with process at his usual

**Plaintiff's Original Complaint - Page 2**

place of business, 3618 Vineyard Way, Farmers Branch, Dallas County, Texas 75234, or wherever he may be found.

## Jurisdiction

6. This Court has jurisdiction over this lawsuit under 29 U.S.C. § 216(b), because this is an action to recover for violations of 29 U.S.C. §§ 206 and/or 207, and under 28 U.S.C. § 1331, because this action arises under the laws of the United States, specifically, the FLSA, 29 U.S.C. § 201 *et seq*.

## Venue

7. Venue is proper in the Northern District of Texas under 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this district.

8. Venue is also proper in the Northern District of Texas under 28 U.S.C. § 1391(b)(1) because at least one Defendant resides in this district, and all Defendants are residents of the state in which this district is located.

## Fair Labor Standards Act Coverage

9. At all relevant times, Plaintiff and others similarly situated were "employees" within the meaning of the FLSA, 29 U.S.C. § 203(e)(1), in that they were individuals employed by an employer.

10. At all relevant times, Defendant ProActive was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), in that ProActive acted

directly or indirectly in the interest of an employer in relation to Plaintiff and others similarly situated.

11. At all relevant times, Defendant Maxine Vigil Russell was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), in that she acted directly or indirectly in the interest of ProActive, an employer, in relation to Plaintiff and others similarly situated.

12. At all relevant times, Defendant Lawrence Edward Russell was an "employer" within the meaning of the FLSA, 29 U.S.C. § 203(d), in that he acted directly or indirectly in the interest of ProActive, an employer, in relation to Plaintiff and others similarly situated.

13. At all relevant times, Defendants constituted an "enterprise" within the meaning of the FLSA, 29 U.S.C. § 203(r)(1), in that Defendants performed (either through unified operation or common control) related activities for a common business purpose.

14. At all relevant times, Defendants constituted an "enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. § 203(s)(1), in that Defendants:

    a. constituted an enterprise that had employees engaged in commerce or in the production of goods for commerce, or that had employees handling, selling, or otherwise working

on goods or materials that have been moved in or produced for commerce by any person; and

b. constituted an enterprise whose annual gross volume of sales made or business done was not less than $500,000 (exclusive of excise taxes at the retail level that are separately stated).

15. At all relevant times, Plaintiff and other employees similarly situated were "engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 206, 207.

16. At all relevant times, Plaintiff and other employees similarly situated were "employed in an enterprise engaged in commerce or in the production of goods for commerce" within the meaning of the FLSA, 29 U.S.C. §§ 206, 207.

## Facts

17. Defendant ProActive is a nurse case management company based in Dallas, Texas. ProActive specializes in providing nurse case management services for work-related injuries.

18. Through its Nurse Case Managers, ProActive provides field case management throughout Texas, and telephonic case management throughout the continental United States. ProActive also provides bilingual case management services.

19. Maxine Vigil Russell is an owner and director of ProActive. She is also the President of ProActive. Lawrence Edward Russell is the husband of Maxine Vigil Russell and is actively involved in the business operations of ProActive. Maxine Vigil Russell and Lawrence Edward Russell have operating control over ProActive's employees, including Plaintiff and others similarly situated. They have the power to hire and fire employees, supervise and control employee work schedules or conditions of employment, determine the rate and method payment, and maintain employment records.

20. Plaintiff is a Registered Nurse and a Certified Case Manager. Plaintiff worked for Defendants as a bilingual Nurse Case Manager. Plaintiff was employed by Defendants beginning November 1, 2012.

21. As a Nurse Case Manager for Defendants, Plaintiff provided field and telephonic case management for work-related injuries. Plaintiff also served as the Bilingual Services Manager for ProActive.

22. Plaintiff was paid at an hourly rate of $45.5 for her work as a Nurse Case Manager.

23. Defendants employed Plaintiff for workweeks longer than 40 hours. Plaintiff regularly worked approximately 50, 60, 70, and even 80+ hours per workweek on her job as a Nurse Case Manager.

24. Despite working more than 40 hours in a workweek, Plaintiff did not receive overtime pay for the hours she worked in excess of 40 hours per workweek, as required by the FLSA.

25. Instead, Plaintiff was paid only straight-time at her regular hourly rate, but was not paid any overtime compensation.

26. Defendants knew or showed reckless disregard as to whether their failure to pay Plaintiff overtime for hours worked in excess of 40 hours per workweek was prohibited by the FLSA.

27. Plaintiff was not exempt from the overtime requirements of the FLSA.

## Count One – Fair Labor Standards Act

28. Defendants violated the overtime provisions of the FLSA, 29 U.S.C. § 207, by employing Plaintiff and others similarly situated, who were engaged in commerce or in the production of goods for commerce, or were employed in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours without compensating them for their employment in excess of 40 hours at a rate not less than one and one-half times the regular rate at which they were employed.

29. Under 29 U.S.C. § 216(b), as a result of the foregoing violations, Defendants are liable to Plaintiff and other employees similarly situated in

the amount of their unpaid overtime compensation and in an additional equal amount as liquidated damages.

30. Defendants' violations of the FLSA were willful.

## Collective Action Allegations

31. Plaintiff brings this action for and in behalf of herself and other employees similarly situated, pursuant to the collective action provisions of 29 U.S.C. § 216(b). In addition to Plaintiff, Defendants employed others as Nurse Case Managers or in similarly titled positions, with similar job requirements and under similar pay provisions.

32. Like Plaintiff, these other similarly situated employees were employed by Defendants for workweeks longer than 40 hours, but did not receive compensation for their employment in excess of 40 hours per workweek at a rate not less than one and one-half times the regular rate at which they were employed, as required by the FLSA.

33. Plaintiff and the other similarly situated employees were together the victims of a single decision, policy, or plan by Defendants not to pay employees for all hours worked as required by the FLSA, including overtime pay for all hours worked in excess of 40 hours per workweek.

## Conditions Precedent

34. All conditions precedent have occurred or been performed.

## Attorney's Fees and Costs

35. Plaintiff and the other employees similarly situated are entitled to recover their reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## Jury Demand

36. Plaintiff, individually and on behalf other employees similarly situated, demands a trial by jury.

## Prayer for Relief

WHEREFORE, PREMISES CONSIDERED, Plaintiff prays that the Court enter judgment against Defendants that Plaintiff, and all employees similarly situated who consent to be party plaintiffs to this action, have and recover as follows:

1. All unpaid wages, including all unpaid minimum wages and overtime compensation;

2. An additional equal amount as liquidated damages;

3. An award of reasonable attorneys' fees and costs;

4. Pre-judgment and post-judgment interest; and

5. Such other and further relief to which they may entitled, at law or in equity.

Respectfully submitted,


s/ Jason E. Winford
Jason E. Winford
Texas Bar No. 00788693
*jwinford@jenkinswatkins.com*
David Watkins
Texas Bar No. 20922000
*dwatkins@jenkinswatkins.com*

JENKINS & WATKINS,
A Professional Corporation
4300 MacArthur Avenue, Suite 165
Dallas, Texas 75209
(214) 378-6675 - Office
(214) 378-6680 - Facsimile

**ATTORNEYS FOR PLAINTIFF**